Filed 8/27/21  P. v. Sales CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C092568 |
| Plaintiff and Respondent, | (Super. Ct. No. STKCRFE19950006902) |
| v. | |
| JON DELACRUZ SALES, | |
| Defendant and Appellant. | |

Defendant Jon Delacruz Sales appeals from the trial court's order denying his petition for resentencing under Penal Code[1] section 1170.95.  Defendant contends the trial court erred when it interpreted the facts in the record of conviction to determine that defendant acted with implied malice and accordingly found defendant failed to establish a prima facie case under the provisions of the statute.  Defendant argues the trial court

---

[1]      Further undesignated statutory references are to the Penal Code.

should have issued an order to show cause and allowed the petition to proceed for full consideration on its merits. We agree the trial court erred in denying defendant's petition and will remand the case for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

In 1995, a jury found defendant guilty of second degree murder and found true an allegation that he was armed with a firearm.[2] (*People v. Khounsiriwong et al.* (Sept. 25, 1998, C023718) [nonpub. opn.] (*Khounsiriwong*).) On appeal, we affirmed the conviction. (*Ibid.*) In our opinion, we laid out the evidence introduced at trial. In short, defendant, along with codefendants Vilay Khounsiriwong and Kloi Khoonsrivong, were at a party when they learned a friend at a different party "had gotten into some trouble." (*Id.* at pp. 2, 4.) They drove to the other party and Khounsiriwong took defendant's gun, which Khounsiriwong then used to shoot and kill the victim. (*Id.* at pp. 2-5.) Our opinion also noted the jury had received an instruction that allowed it to find the defendants guilty of murder as a natural and probable consequence of several target offenses. (*Id.* at pp. 20-21.)

In 2010, defendant filed a petition for habeas corpus regarding an issue with his parole. In our decision granting the petition, we reviewed the record and explained, "there was no evidence suggesting [defendant] had an intent to kill [the victim] or anyone else. Rather, [defendant] was found guilty of second degree murder as an aider and abettor who was responsible for the natural and probable consequences of his providing a loaded firearm to Khounsiriwong." (*In re Sales*, *supra*, C064698 at p 18.)

---

[2]    The People request we take judicial notice of our opinion from the direct appeal of defendant's case, along with our opinion in *In re Sales* (Dec. 9, 2010, C064698) [nonpub. opn.], which is related to a habeas petition defendant filed regarding his parole status. Defendant does not object to the request. We will grant the request and take judicial notice of the opinions. (Evid. Code, §§ 459, subd. (a) ["The reviewing court may take judicial notice of any matter specified in Section 452"], 452, subd. (d) [permitting a court to take judicial notice of records of "any court of this state"].)

2

In 2019, defendant filed, through counsel, a petition to vacate his conviction under section 1170.95. The petition consisted of a declaration indicating that a complaint was filed against defendant that allowed the prosecution to proceed under a theory of murder under the natural and probable consequences doctrine, that at trial he was convicted of first or second degree murder pursuant to the natural and probable consequences doctrine, and that he could not now be convicted of second degree murder because of changes made to sections 188 and 189, effective January 1, 2019.

The parties submitted briefing on the petition. The trial court then issued a written order denying the petition. In its decision, the court recited the facts of the case as provided in our opinion from the direct appeal of defendant's conviction. The court stated defendant had met two of the three criteria for stating a prima facie case under section 1170.95 in that he "was not the actual killer" and had been "convicted of second degree murder with a natural and probable consequences theory having been considered."

The court proceeded to consider whether there was a possibility defendant could still be "convicted of second degree murder under the newly amended . . . sections 188 and/or 189." To do so, the court reviewed the law regarding implied malice under section 188. The court then listed several facts from our direct appeal opinion, saying, "Here, the jury found that Khounsiriwong and [defendant] specifically left one party to go to another in order to provide 'backup' for a member of their Side by Side gang who had gotten into an argument with someone named 'A.J.' [Citation.] [Defendant] was carrying a .38-caliber revolver at the time. [Citation.] [Defendant] handed Khounsiriwong his gun, but before doing so, another gang member, Fein, 'put the bullets in his mouth, and [defendant] wiped them off and loaded them into the gun.' Then, Khounsiriwong and Fein left the car and [defendant] and the 'others remained inside the car with the engine running.' [Citation.] 'After the shooting, Khounsiriwong and Fein ran to the waiting car and entered it' and the car was driven away. [Citation.] [¶] These facts establish implied malice." Thus, the court denied the petition "as a matter of law."

3

Defendant contends the trial court erred when it denied his petition because the court considered facts that were not in the petition, "drew inferences from those facts, weighed those facts and inferences, and concluded" that those facts established implied malice, which the court found precluded his eligibility for relief.  The People agree the trial court "conducted factfinding beyond the appropriate scope" of a prima facie review and defendant "pleaded a prima facie case that could not be readily disproven by incontrovertible evidence in the record."  Both parties thus argue the case should be remanded for further proceedings under section 1170.95.  We agree with the parties.

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  Senate Bill No. 1437 also added section 1170.95, which allows those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of first degree or second degree murder following a trial . . . .  [¶]  (3) The petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

Under subdivision (c) of section 1170.95, "[t]he court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within

4

the provisions of this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner.  The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served.  These deadlines shall be extended for good cause.  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

Our Supreme Court has explained that subdivision (c) requires "only a single prima facie showing."  (*People v. Lewis* (2021) 11 Cal.5th 952, 962.)  A trial court "may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, [but] the prima facie inquiry under subdivision (c) is limited.  Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause." ' [Citations.]  '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.'  [Citations.]  'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id.* at p. 971.)  While appellate opinions "are generally considered to be part of the record of conviction, . . . the probative value of an appellate opinion is case-specific, and 'it is certainly correct that an appellate opinion might not supply all answers.' " (*Id.* at p. 972.)  Thus, "[i]n reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Ibid.*)

Here, defendant stated in his initial declaration that he was convicted of murder under the natural and probable consequences doctrine, which would not have supported a murder conviction after the changes to sections 188 and 189.  The record of conviction

5

does not disprove this statement as a matter of law. On the contrary, our opinion in the direct appeal from defendant's conviction notes the fact that the jury at defendant's trial was instructed on the natural and probable consequences doctrine, and our opinion in defendant's habeas case characterized defendant as an aider or abettor under the natural and probable consequences doctrine. (*Khounsiriwong*, *supra*, C023718 at p. 20; *In re Sales*, *supra*, C064698 at p. 18.) In neither of these opinions did we discuss the possibility defendant's actions demonstrated implied malice under section 188, much less conclude they demonstrated such as a matter of law. The facts in defendant's record of conviction thus do not conclusively contravene defendant's allegation that the changes to sections 188 and 189 eliminated the theory under which he was convicted.

At this stage of the petition review process under section 1170.95, subdivision (c), the trial court should not have engaged in any fact finding or made any factual inferences about whether defendant could theoretically have been found guilty on a now-valid ground. (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815-816.) It was thus premature for the court to consider whether the facts in defendant's case gave rise to implied malice under section 188. Assuming the facts asserted in defendant's petition were true, as the court was required to do, defendant fulfilled the eligibility requirements listed in section 1170.95, subdivision (a). (*People v. Lewis*, *supra*, 11 Cal.5th at p. 972.) Thus, the trial court should have issued an order to show cause and held an evidentiary hearing. (*Id.* at p. 960.) We therefore reverse the trial court's order denying the petition and remand with directions to issue an order to show cause under section 1170.95, subdivision (c) and hold a hearing under section 1170.95, subdivision (d). We express no opinion about whether defendant is entitled to relief following the hearing.

## DISPOSITION

The order denying defendant's petition for resentencing under section 1170.95 is reversed. The matter is remanded with directions to issue an order to show cause and hold a hearing under section 1170.95, subdivision (d).

6

/s/  
Robie, J.

We concur:


/s/  
Blease, Acting P. J.


/s/  
Renner, J.